
RECEIVED
IN LAKE CHARLES, LA


NOV 30 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ALI IMAM SHAH | * | CIVIL ACTION NO. 2:16 -CV-00529 |
| | * | |
| v. | * | |
| | * | JUDGE MINALDI |
| BLUE WAKE SHIPPING | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |

**************************************************************

## MEMORANDUM RULING

Before the court is the Magistrate Judge's Report and Recommendation (Rec. Doc. 13), recommending that the plaintiffs Motion to Remand (Rec. Doc. 6) be denied. The plaintiff filed an objection to the Report and Recommendation (Rec. Doc. 16), the defendant filed a response to the objection (Rec. Doc. 19), and the plaintiff filed a sur-reply (Rec. Doc. 23). The plaintiff also filed a Motion for Oral Arguments (Rec. Doc. 17), which the defendant opposes (Rec. Doc. 18). For the following reasons, the court will **ADOPT** the Report and Recommendation (Rec. Doc. 13), **DENY** the Motion to Remand (Rec. Doc. 6), and **DENY AS MOOT** the Motion for Oral Arguments (Rec. Doc. 17).

## FACTS & PROCEDURAL HISTORY

On October 30, 2015, the plaintiff, Ali Imam Shah, allegedly lost his footing while laboring on the ship, the NORD INTELLIGENCE, which is owned by Blue Wake Shipping. The plaintiff sustained injuries and filed suit in Louisiana state court under the Jones Act and general maritime law. The defendant removed this matter from state court on the basis of federal question jurisdiction. The defendant argued that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (the Convention) 9 U.S.C. § 201, *et seq*. applied to the case because of language in the employment contract that was signed by the plaintiff and an agent of the defendant. The employment contract stated:

1

> 1. The current CBA shall be considered to be incorporated into and to form part of the contract.
> 2. The Ships [sic] Articles shall be deemed for all purposes to include the terms of this contract (including the applicable CBA) and it shall be the duty of the Company to ensure that the ship's Articles reflect these terms. These terms shall take precedence.[1]

The contract refers to and incorporates the "CBA," which is the Collective Bargaining Agreement between the defendant ship owner and the Singapore Organisation of Seamen (the union). The terms of the CBA also cover seamen who are employed on ships listed in an appendix to the agreement.[2] The appendix lists the ship on which the plaintiff was employed as a seaman.[3] Under the CBA, disputes that "aris[e] out of the operation of [the CBA]" are "referred by either party to the President of the Industrial Arbitration Court."[4]

## LAW & ANALYSIS

The district court reviews the Report and Recommendation of the Magistrate Judge *de novo* because Motions to Remand are final dispositive motions. *See Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016); Fed. R. Civ. P. 72. The Magistrate Judge correctly stated that an arbitration agreement that falls under the Convention and that relates to the suit would be removable on the basis of federal question jurisdiction.[5] To determine whether the agreement falls under the convention, the court employs a four-part test: "1) is there a [signed] agreement in writing to arbitrate the dispute; 2) does the agreement provide for arbitration in the territory of a Convention signatory; 3) does the agreement to arbitrate arise out of a commercial legal relationship; [and] 4) is a party to the agreement not an American citizen?" *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex)*, 767 F.2d 1140, 1144–45 (5th Cir. 1985)

---

[1] Seafarer Employment Contract (Rec. Doc. 11-5).
[2] CBA (Rec. Doc. 1-3), p. 2.
[3] CBA (Rec. Doc. 1-3), p. 22.
[4] CBA (Rec. Doc. 1-3), p. 4.
[5] Report and Recommendation (Rec. Doc. 13), p. 4

(citation omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 1147. "[W]henever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' to the plaintiff's suit." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002). The plaintiff disputes whether the parties had a signed agreement in writing to arbitrate and whether the dispute is covered under the CBA's arbitration clause.

The Magistrate Judge correctly found that the employment contract incorporated the CBA, which includes the arbitration agreement. First, the plaintiff appears to argue that the only contract between him and the defendant was the Ship's Articles, and the articles do not mention the CBA or any arbitration agreement. However, the employment contract signed by the plaintiff and an agent of the defendant is also a signed agreement between the parties. Second, the plaintiff argues that the employment contract terms are non-binding because the ship owner failed to incorporate the CBA in to the Ship's Articles. This argument is unavailing. The plain terms of the employment contract do not suggest that the CBA's incorporation depends on its inclusion in the shipping articles. The employment contract states, without any condition, that "[t]he current CBA shall be considered to be incorporated into and to form part of the contract."

Third, the plaintiff argues that the arbitration agreement within the CBA only covers disputes between the ship owner and the union, and that the particular article cannot be incorporated into the employment contract. However, again the employment contract does not qualify the incorporation of the CBA to any particular terms or conditions. The Magistrate Judge correctly found that this broad incorporation distinguished it from the Eastern District of Louisiana's analysis in *Pan Quan Ru v. Sepat Shipping PTE Ltd.*, No. 2:08-cv-5025, Rec. Doc. 32 (E.D. La. Jul 10, 2009). In *Sepat*, the employment contract incorporated only the terms and

conditions of service, and the arbitration agreement of the CBA fell outside of those terms and conditions. In contrast, the employment contract here incorporates the entire CBA, and the arbitration clause's language does not limit type of claim or the parties eligible for arbitration.[6]

Finally the plaintiff's argue that the CBA cannot be incorporated into the employment contract because the Industrial Arbitration Court (IAC) does not have jurisdiction over personal injury cases, and its jurisdiction is restricted to disputes between a ship owner and the union. However, the documentation provided by the defendant suggests that the IAC has a procedure under which the President of the IAC can appoint referees to resolve disputes of this kind,[7] and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Sedco, Inc.*, 767 F.2d at 1147 (citation omitted).

## CONCLUSION

Based on the foregoing reasons and the reasons explained in the Report and Recommendation, a signed arbitration agreement existed between the parties, and that the arbitration agreement relates to the suit at hand. As such, the arbitration agreement is governed under the Convention, and the court has federal question jurisdiction. Therefore, the court will **ADOPT** the Report and Recommendation (Rec. Doc. 13), **DENY** the Motion to Remand (Rec. Doc. 6), and **DENY AS MOOT** the Motion for Oral Arguments (Rec. Doc. 17).

Lake Charles, Louisiana, this 30 day of Nov_____, 2016.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] *See* CBA (Rec. Doc. 1-3), p. 4.
[7] Exhibits (Rec. Doc. 20).